UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD LEWIS DAVIS, | Civil Action |
| Plaintiff, | No. 20-18769 (CPO) (SAK) |
| v. | |
| UNITED STATES BUREAU OF PRISONS, | **OPINION** |
| Defendant. | |

**O'HEARN, District Judge.**

Before the Court is the Federal Bureau of Prisons' ("BOP") motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). (ECF No. 10.) For the following reasons, the Court will grant the BOP's motion to dismiss in part and dismiss the Complaint without prejudice for lack of personal jurisdiction and insufficient service of process. Additionally, the Court will construe Plaintiff's opposition brief as a motion to amend and grant that motion. Prior to attempting proper service, Plaintiff shall file an all-inclusive, amended complaint, in accordance with the instructions in this Opinion.

## I.   BACKGROUND

This case arises from Plaintiff's custody classification with the BOP. Plaintiff alleges that the BOP wrongfully calculated his criminal history points, which caused him to receive a higher criminal history score and custody classification. (ECF No. 1, at 6–8.) Due to that higher classification, the BOP houses Plaintiff in a harsher facility. (*Id.*)

By way of background, Plaintiff was convicted and sentenced in the Superior Court for the District of Columbia ("D.C."). The BOP manually calculates the criminal history score of D.C. prisoners pursuant to Program Statement No. P5100.08, which states:

> In some cases[,] the Criminal History Points are not available (i.e., when the PSR is waived, on offenses committed prior to November 1, 1987, state cases, and military and D.C. Code offenders). Under these circumstances the Criminal History Score will be derived from the criminal history documented in the NCIC III Report according to the following procedures:
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month;
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a);
>
> (c) Add 1 point for each prior conviction not counted in (a) or (b), up to a total of 4 points for this item; and,
>
> (d) Add 2 points if the instant offense is a revocation accompanied by a new state or federal conviction, or if the instant offense occurred while under federal supervision including incarceration, probation, parole or supervised release.

(P.5100.08 Ch. 4, p. 8.)[1]

In contrast, for ordinary federal prisoners, the U.S. Probation Office typically calculates criminal history points in connection with the presentence investigation report, and the BOP adopts that calculation. (*Id.* at Ch. 2, p. 1; Ch. 4, p. 8.) In making that calculation, the U.S. Probation Office uses the formula in § 4A1.1 of the U.S. Sentencing Guidelines. (*Id.*); U.S.S.G. § 4A1.1.

The formulas in § 4A1.1 and Program Statement P.5100.08 are largely identical, with some differences not relevant in this case. *Compare* U.S.S.G. § 4A.1.1, *with* (P.5100.08, Ch. 4, p. 8). The key difference, according to Plaintiff, is that Program Statement P.5100.08 applies the formula "without observance to the 'Definitions and Instructions for Computing Criminal History,'" under § 4A1.2 of the Sentencing Guidelines. (ECF No. 1, at 6 (citing U.S.S.G. § 4A1.2).) As a result of

---

[1] The Program Statement can be found at: https://www.bop.gov/policy/progstat/5100_008.pdf (last visited July 6, 2022).

this discrepancy, Plaintiff contends that the BOP wrongfully calculated his criminal history points, criminal history score, and custody classification, causing the BOP to house him in a harsher facility.  (ECF No. 1, at 6–8.)

This case is not the first time that Plaintiff has challenged his custody classification.  While in a BOP facility in Arizona, Plaintiff raised an identical claim, in a habeas petition under 28 U.S.C. § 2241, before the United States District Court for the District of Arizona. *Davis v. Shartle*, No. 18-158, 2018 WL 9649719, at *1 (D. Ariz. May 24, 2018), *aff'd*, 775 F. App'x 372 (9th Cir. 2019).  As this Court will explain in greater detail below, the District of Arizona construed Plaintiff's § 2241 petition as raising various constitutional claims, rather than address the allegations as a statutory claim. *Id*. at *1–2.  Ultimately, the District of Arizona rejected Plaintiff's constitutional claims, and the Ninth Circuit affirmed. *Davis v. Shartle*, 775 F. App'x 372 (9th Cir. 2019).

In December of 2020, Plaintiff filed the instant Complaint, once again alleging that Program Statement P.5100.08 violates 18 U.S.C. §§ 4081 and 5003. (ECF No. 1, at 3–7.)  The BOP filed a motion to dismiss the Complaint under Rules 12(b)(2), 12(b)(5), and 12(b)(6), (ECF No. 10), Plaintiff filed an Opposition, (ECF No. 11), and the BOP filed a Reply, (ECF No. 12).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.  "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). In other words, the party making service "bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil

Procedure 4." *See, e.g.*, *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011).

On a Rule 12(b)(2) motion, the plaintiff bears the burden of demonstrating sufficient facts to show that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Where the parties dispute factual allegations, however, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted). In deciding this issue, a court "must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings*, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). If the district court does not hold an evidentiary hearing, the plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

### III.  DISCUSSION

**A.  Lack of Personal Jurisdiction and Insufficient Service of Process**

The BOP contends that this Court lacks personal jurisdiction over the BOP because Plaintiff failed to comply with all of the requirements to serve an agency of the United States pursuant to Federal Rule of Civil Procedure 4(i).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 4, a plaintiff suing the United States, its agencies, corporations, officers or employees, must: (1) serve a copy of the summons and complaint upon the United States Attorney for the district where the action is brought by delivering the summons and complaint directly to the United States Attorney, to a properly designated employee of the

United States Attorney, or (2) by sending the summons and complaint *via* registered or certified mail to the civil process clerk at the United States Attorney's Office. Fed. R. Civ. P. 4(i)(1)–(2).

Additionally, the plaintiff must also serve the Attorney General of the United States through registered or certified mail. Fed. R. Civ. P. 4(i)(1)(B). If the plaintiff is suing an agency of the United States, the plaintiff must also serve the agency by registered or certified mail. Fed. R. Civ. P. 4(i)(2). The Government cannot waive these requirements as "Rule 4(d)'s waiver of service method does not apply to service on the United States or its agencies." *John v. Sec'y of Army*, 484 F. App'x 661, 665 (3d Cir. 2012); *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ( "The government cannot waive service of process.").

In the present case, Plaintiff has served his summons and Complaint on the BOP and the United States Attorney's Office. (ECF Nos. 6, 7.) He has not, however, served the Attorney General of the United States under Rule 4(i)(1)(B). In his Opposition, Plaintiff admits that his failure to serve the "United States Attorney General is true," and requests an opportunity to cure that deficiency under Rule 4(i)(4). (ECF No. 11, at 12.)

As a result, Plaintiff has not satisfied all of the requirements to perfect service against the BOP. In turn, this Court lacks personal jurisdiction over the BOP. *Omni*, 484 U.S. at 104. Accordingly, the Court will grant the BOP's motion and dismiss the Complaint without prejudice under Rules 12(b)(2) and 12(b)(5). The Court will provide Plaintiff with an opportunity to cure these deficiencies.

### B. Remaining Issues

As the Court intends to dismiss this matter under Rules 12(b)(2) and 12(b)(5), the Court declines to decide the BOP's motion to dismiss under Rule 12(b)(6). That said, in his Opposition, Plaintiff narrowed and clarified his allegations in a way that renders parts of the Rule 12(b)(6)

motion irrelevant. (ECF No. 11.) Plaintiff makes clear that he is *not* raising constitutional claims. (*Id*. at 5–9 ("Plaintiff Davis' Complaint, however, does not raise a constitutional claim, therefore, any argument by the BOP . . . that prisoners do not have a United States Constitutional right to be properly classified do[es] not apply here.").) As a result, the BOP's arguments regarding Plaintiff's perceived equal protection claim are no longer relevant.

Additionally, Plaintiff's clarification may also affect the BOP's arguments on *res judicata*. Under our jurisprudence, *res judicata*, or claim preclusion, bars a subsequent suit where there has been: "(1) a final judgment on the merits in a prior suit involving[,] (2) the same claim[,] and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). "The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also *claims that could have been brought*." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (emphasis in original).

In support of *res judicata*, the BOP relies on the District of Arizona's decision in *Davis v. Shartle*, 2018 WL 9649719, at \*1–2. (ECF No. 10-1, at 19–23.) In that case, the District of Arizona construed Plaintiff's allegations as equal protection and due process claims under the Fourteenth Amendment. *Davis*, 2018 WL 9649719, at \*1–2. This Court has thoroughly reviewed that decision, and the District of Arizona does not appear to have addressed Plaintiff's statutory claim. In other words, the District of Arizona does not appear to have ruled on whether Program Statement P.5100.08 violates 18 U.S.C. §§ 4081 and 5003. Consequently, if after proper service, the BOP wishes to renew its Rule 12(b)(6) motion, it should include supplemental briefing to address the issues discussed above.

Finally, the BOP argues that Plaintiff's statutory claim lacks merit, in part, because the Complaint "does not explain how Program Statement No. P5100.08 violates 18 U.S.C. §§ 4081 or

5003, and [Plaintiff] does not (and cannot) explain how [the] BOP abused its discretion in applying Program Statement No. P5100.08 to Plaintiff." (ECF No. 10-1, at 30.)  In Plaintiff's opposition brief and in an earlier memorandum brief, Plaintiff includes allegations that meaningfully expand on the substance of his statutory claim.  (ECF Nos. 2, 11.)  As a result, the Court will construe Plaintiff's opposition brief as a motion to amend and grant that motion.  Prior to attempting proper service, the Court will direct Plaintiff to file an all-inclusive, amended complaint that contains *all* of the factual allegations in his original complaint, memorandum brief, and opposition brief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part the BOP's motion and dismiss the Complaint without prejudice under Rules 12(b)(2) and 12(b)(5).  Additionally, the Court will construe Plaintiff's opposition brief as a motion amend, grant that motion, and direct Plaintiff to file an all-inclusive, amended complaint, consistent with the instructions above.  An appropriate Order follows.

Dated:  July 8, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**